## INJURY TO A BOY EMPLOYED IN OPERATING A DEFECTIVE MACHINE.

Circuit Court of Hamilton County.

THE FRANK UNNEWEHR COMPANY v. FRANK L. SMITH, A MINOR, BY HIS NEXT FRIEND, JOHN F. SMITH.

Decided, February 26, 1910.

*Master and Servant—Machine Out of Order and Liable to Start Itself —Boy Employed to Operate It—Duty of Master to Instruct—Negligence—Charge of Court.*

1. An employer will be held to have known that a loose key would be liable to cause a belt to shift from the loose to the fixed pulley and thus start the machine unexpectedly, while a boy sixteen years of age employed in operating the machine would not be likely to appreciate the danger, and the crushing of his hand by the sudden starting of the machine is a matter for which the master will be held liable.

2. Where a machine is from any cause not reasonably safe to operate, and is especially dangerous for a boy of sixteen to operate, and the master knew or by the exercise of ordinary care would have known the facts with reference thereto, a charge of the court to the effect that under such circumstances it was the duty of the master to instruct the boy how to safely operate it is not erroneous.

*Robertson & Buchwalter,* for plaintiff in error.
*Cogan & Williams,* contra.

The defendant in error recovered a verdict of $5,000 on account of the loss of a hand in machinery while in the employ. of the Unnewehr Company, but the verdict was reduced by a remittitur to $3,500.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

In addition to general verdict for plaintiff the jury returned the following findings of fact:

"Q. What act or conduct, if any, of this defendant was negligent in the sense of a neglect of ordinary care which caused this plaintiff's injury?

"A. Lack of instructions to plaintiff in operating press and proper maintenance of press as to general repairs.

"Q. What defect if any was there in the printing press or its appliances which caused the plaintiff's hand to be caught in the press?

"A. Loosening of key in the tight pulley of the press."

It is claimed that inasmuch as the plaintiff had operated similar printing presses, and understood the work which was in itself sinple, there could be no instruction given that would have avoided the accident; but the testimony showed the absence of the ordinary device for shifting the belt from the fixed pulley to the loose pulley on the line shaft, and for holding it in place, and that the key designed to hold the fixed pulley firmly to the shaft was loose, the tendency of all of which being to cause the belt to slip from one pulley to the other and start or stop the press according as it was running on the fixed or loose pulley.

This the defendant knew, or by the exercise of ordinary care would have known, while a boy of sixteen years of age would not likely appreciate the danger of the machine suddenly starting. The primary duty of the defendant was to remedy the defect, and if that was not done then to instruct or warn the plaintiff.

The following portion of the general charge is claimed to be erroneous:

"It was the duty of the defendant, in the exercise of ordinary care, if it directed plaintiff to work at this machine, to furnish a machine and appliance that were reasonably safe for the work intended, and if same was not reasonably safe, and you find that said machine or employment thereupon and under the condition as charged was dangerous for a boy of plaintiff's age, intelligence and experience to operate, and that the defendant knew, or in the exercise of ordinary care would have known, such to be the facts, then it was defendant's duty to properly instruct plaintiff how to operate the machine in safety to himself and to warn him against dangers therefrom, if danger there was."

The first part of this instruction imposes an absolute duty on the defendant to furnish a machine and appliances that were reasonably safe for the work intended, which is incorrect, but as here used seems to us not prejudicial. It is merely primary and forms a basis for the ultimate duty imposed by the charge, to-wit, "to properly instruct plaintiff."

In other words, if the machine was not, from any cause, reasonably safe, was especially dangerous for a boy of plaintiff's age and experience, and the defendant knew or by the exercise of ordinary care would have known such to be the facts, the duty to instruct was manifest.

The special instruction at page 131 of the bill of exceptions pertains to the same subject-matter, and exacts a higher degree of care on the part of the defendant than the law requires; but, although erroneous, it does not affect the finding of the jury of negligence in maintaining repairs of press and appliances which, as before stated, was the primary duty of the defendant.

A careful consideration of the record discloses no error prejudicial to the rights of the defendant, and the judgment will be affirmed.